IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:10-CV-0665-RJC-DCK

| | | |
|---|---|---|
| CARLYLE H. HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| FORWARD AIR SOLUTIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Compel And Motion For Protective Order" (Document No. 6). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is now ripe for disposition. Having carefully considered the motion, the record, and the applicable authority, the undersigned will grant the motion.

## BACKGROUND

Plaintiff Carlyle H. Hill ("Plaintiff") commenced this action with the filing of his "Complaint" (Document No. 1-1) in the Superior Court of Mecklenburg County, North Carolina on November 23, 2010. (Document No. 1). Plaintiff specifically asserts claims that Defendant Forward Air Solutions, Inc. ("Defendant") discriminated against, and wrongfully terminated, Plaintiff based on his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*. Defendant filed its "Notice Of Removal" (Document No. 1) to this Court on December 27, 2010.

On January 20, 2011, the parties filed their "Certification And Report Of Initial Attorneys' Conference" (Document No. 4) ("CIAC"). The Honorable Robert J. Conrad, Jr. then issued the "Pretrial Order and Case Management Plan" (Document No. 5) on January 25, 2011. The Court's

"Pretrial Order..." provides in part as follows:

> Consistent with the spirit, purpose, and explicit directives of the Federal Rules of Civil Procedure and the Local Rules of the Western District of North Carolina, the Court expects all parties (and counsel) to attempt in good faith to resolve discovery disputes without the necessity of court intervention.
> . . .
> Failure to comply with any of the provisions of this Order which causes added delay or expense to the Court may result in the imposition of sanctions as provided by the Federal Rules of Civil Procedure.

(Document No. 5, pp.4, 9).

On February 11, 2011, Defendant filed the pending "...Motion To Compel And Motion For Protective Order" along with a memorandum in support. (Document Nos. 6 and 7). Defendant then filed a supplement to its motion for protective order on February 24, 2011. (Document No. 8). "Plaintiff's Memorandum In Opposition To Defendant's Motion To Compel And Motion For Protective Order" (Document No. 9) was filed February 28, 2011. Defendant's Reply In Support Of Its Motion To Compel And Motion For Protective Order" (Document No. 10) was then filed on March 7, 2011. The pending motion is now ripe for disposition.

## DISCUSSION

The issue before the Court appears to simply be a question of which party gets to conduct their deposition(s) first. Neither side has set forth any persuasive legal authority for their position, nor much argument as to why or how it makes a difference who goes first here. Although there is evidence of communication between the parties regarding their dispute, the undersigned is not persuaded that the parties have attempted in good faith to resolve their dispute without the Court's intervention, pursuant to the "Pretrial Order..." cited above.

After careful review of the briefs, the undersigned notes the following facts which frame the

Court's analysis. First, on January 19, 2011, Defendant served discovery requests and noticed Plaintiff's deposition to be held on February 24, 2011. (Document No. 6-3). The "Notice of Deposition Of Carlyle H. Hill" further stated that it could be held at another mutually agreed upon time, provided that Defendant conducted Plaintiff's deposition prior to the commencement of depositions of any representatives of Defendant. Id. Next, on January 20, 2011, Plaintiff informed Defendant that it would not engage in early discovery, and that it would not agree to Plaintiff's deposition being taken before those of three or four of Defendant's representatives. (Document Nos. 6-4, 6-5). The parties' CIAC was filed on January 20, 2011, but makes no mention of any disagreement regarding discovery matters or the scheduling of depositions. (Document No. 4).

On January 25, 2011, the same day as the Court's entry of the "Pretrial Order And Case Management Plan" (Document No. 5), Defendant served a second "Notice Of Deposition Of Carlyle H. Hill" (Document No. 6-7). The second Notice contained similar language to the first, seeking a mutually agreed upon convenient time and stating an intent to conduct Plaintiff's deposition prior to other depositions in this matter. (Document No. 6-7). Finally, on January 26, 2011, Plaintiff served a notice of deposition of Scott Robider, for February 28, 2011. (Document No. 6-8). The facts as presented do not suggest that there was any consultation, or invitation to confer, regarding the timing of Scott Robider's deposition.

Plaintiff notes in opposition to the pending motion that the "Federal Rules make no reference to which party is entitled to take depositions first in a court action," and that Defendant's counsel has failed to cite any caselaw or rule supporting its position. (Document No. 9, pp.7-8). However, Plaintiff has also failed to cite any caselaw to support his position. (Document No. 9).

The undersigned finds an opinion of the District Court of Maryland to be instructive:

> Rule 26(d) further provides:
>
>> Unless the court upon motion, for the convenience of parties and witnesses and in the interests of justice, orders otherwise, methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, shall not operate to delay any other party's discovery.
>
> The commentary to this rule states that when the provisions now found in Rule 26(d) were enacted, they were intended "first, to eliminate any fixed priority in the sequence of discovery, and, second, to make clear and explicit the court's power to establish priority by an order issued in a particular case."
>  . . .
> While an attorney representing a party or witness that has been served with a valid notice of deposition properly may communicate to the noting party any objections to the service, sequence or timing of the deposition, he may not unilaterally refuse to produce his client until certain conditions are fulfilled.
>
>> If objections to the service of the deposition notice, or sequence and timing of the deposition in dispute cannot be resolved with opposing counsel through the good faith discussions contemplated by Discovery Guideline 1.d., then a motion for protective order must be filed pursuant to Rule 26(c) requesting that the court order that the deposition not take place or delay it until after other discovery has been presented. Faced with such a motion, the court can assess the merits of the arguments by both parties and then rule, taking into consideration the factors identified at Rules 26(b)(2) and 26(c).

Keller v. Edwards, 206 F.R.D. 412, 416 (D.Md. 2002); see also, Carman v. Bayer Corp., 2009 WL 1919049 at *2 (N.D.W.Va. July 1, 2009).

In addition, the Supreme Court has opined that "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." Crawford-El v. Britton, 523 U.S. 574, 598 (1998); see also, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 595 n.13 (2007) ("Rule 26 confers broad discretion to control the combination of interrogatories, requests for admissions, production requests, and depositions permitted in a given case; the sequence

in which such discovery devices may be deployed; and the limitations imposed upon them").

Neither party in this case has presented an especially compelling argument for the proper sequence of depositions; or a compelling reason why the parties could not resolve this dispute on their own. Nevertheless, someone has to go first. Based on the Court's discretion to dictate the sequence of discovery, and after careful consideration of the facts and the parties' conduct, the undersigned finds in this instance that Defendant's motion should be granted and Plaintiff's deposition should be taken first.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Defendant's Motion To Compel And Motion For Protective Order" (Document No. 6)" is **GRANTED**. Specifically, the parties shall, as soon as practicable and in consultation with each other, determine a mutually agreeable date for Defendant to conduct Plaintiff Carlyle H. Hill's deposition; the parties shall then schedule the depositions Plaintiff wishes to conduct, on dates following Plaintiff Carlyle H. Hill's deposition.

**SO ORDERED**.

Signed: March 23, 2011

David C. Keesler
United States Magistrate Judge