# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:10-CV-0665-RJC-DCK

| | |
|---|---|
| CARLYLE H. HILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FORWARD AIR SOLUTIONS, INC., | ) |
| | ) |
| Defendant. | ) |

## CONSENT PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and upon stipulation of the parties, as evidenced by the endorsement of counsel hereon, and with the concurrence of the Court,

1. Whereas the parties herein represent to the Court that in prosecuting and defending against the claims in this action it may be necessary for the parties to produce and/or utilize documents containing confidential or proprietary information belonging to the parties or produced pursuant to a third party subpoena, including but not limited to business information, personnel information, tax information, account information, and social security identification information; and

2. Whereas the Court concurs that the parties in this action have an important interest in protecting the confidentiality of that information given its sensitive, proprietary and personal nature.

It is hereby **ORDERED, ADJUDGED** and **DECREED** that the following procedures shall be adopted for the protection of the confidential information identified in this Order:

## A. Coverage and Definitions

3. This Order shall govern material and information produced by the parties and/or obtained by the parties in this action, including, without limitation: deposition testimony; testimony taken at hearings or other proceedings; transcripts of any such testimony; documents, physical objects, recordings and things produced; and all discovery responses, whether produced informally, in response to requests for production of documents, by subpoena, or through any other method of discovery.

4. For purposes of this Order, the term "counsel" shall mean partners, of counsel, counsel, associates and contract attorneys for the law firms that have been retained by and that have entered an appearance on behalf of the parties in this case, as well as paralegal, legal assistants, office clerks, secretaries, support staff and other individuals employed to assist counsel.

## B. Designation of Information

5. A party, or third party to which the document belongs, may classify a document, or portion thereof, or an item of information as CONFIDENTIAL if the document or information contains or constitutes confidential or sensitive information of a personal or business nature, including certain information which concerns or relates to an individual's employment; records maintained by physicians or other health care providers; records maintained in an employer's files which relate to the physical and/or psychological condition of any individual; and certain non-public information regarding Defendant.

6. Nothing in this Order, including the definition found in paragraph 5, constitutes an admission or waiver by either party that any particular document or item of information, or category of information, is otherwise discoverable or admissible in this action.

7. Nothing in this Order requires Plaintiff or Defendant to disclose or produce any information protected from disclosure by the attorney-client privilege, work-product privilege or any rule of professional conduct including Rules 1.0(b) and 1.6 of the Revised Rules of Professional Conduct of the North Carolina State Bar.

8. Any document or thing containing CONFIDENTIAL information which a party wishes to be made subject to this Order shall be marked CONFIDENTIAL on the first page and those pages actually containing the designated information at the time it is turned over to the receiving party. Any copy made of such document or thing, or document or thing created (*e.g.*, any abstract, summary, memorandum or exhibit), containing information designated pursuant to this Order shall bear on its face and on those pages actually containing the CONFIDENTIAL information the legend CONFIDENTIAL. All things containing CONFIDENTIAL information that cannot be conveniently labeled shall be designated as CONFIDENTIAL by letter to the receiving party. Nothing in this Order requires Plaintiff or Defendant to disclose or produce an individual's social security number or a nonparty employee's current or former salary, benefit, health or medical information.

9. Whenever a party believes that testimony during a deposition or other proceeding involves a disclosure of CONFIDENTIAL information, the party may designate that testimony as CONFIDENTIAL. The party may so designate the testimony on the record during a deposition or other proceeding, but the party also may designate the testimony as CONFIDENTIAL within thirty days of receipt of the transcript of the testimony by providing written notice of such designation to the other party. The party may designate the entire transcript as CONFIDENTIAL, but, as is reasonably practicable, the party will identify the specific pages of the transcript that contain the CONFIDENTIAL information. The parties shall

not disseminate a transcript or the contents thereof beyond the persons designated in Paragraph 12 hereof for a period of thirty-five days after receipt of the transcript in order to give adequate time for such notice, except that portions of transcripts may be filed under seal with the Court in connection with these proceedings at any time.

10. If any CONFIDENTIAL information is included with, or the content thereof is in any way disclosed in any pleading, motion, deposition transcript or other paper filed with the Court, such documents and related materials shall be filed under seal. In addition, or in the alternative, a party may move the Court for an order permitting the CONFIDENTIAL information to be reviewed *in camera* to prevent unnecessary disclosure of the CONFIDENTIAL information.

### C. Use of Confidential Information

11. CONFIDENTIAL information shall be maintained in confidence according to the terms of this Order and may be disclosed only as provided in this Order. Except by prior written consent of the parties or as otherwise stated in this Order, all materials or information produced in this action shall not be used by the receiving party for any purpose other than the proceedings in this case.

12. CONFIDENTIAL information may be disclosed to:

   a) the Court, Court personnel, and Court reporters;

   b) counsel for the parties (as defined above in Paragraph 4);

   c) the parties;

   d) experts and their employees who are retained for the purpose of assisting in the prosecution or defense of this action, including to provide testimony in these proceedings, provided, however, that before CONFIDENTIAL information is disclosed to any such person, that person shall sign an acknowledgment in writing in the form set forth in Exhibit A that the person has read and agrees to abide by the terms of this Order, and submits to the

jurisdiction and contempt power of this Court for the purpose of enforcing this Order;

e) persons who prepared or assisted in the preparation of such CONFIDENTIAL information, persons to whom such materials were addressed, circulated, or shown, or persons who would have access to such materials in the ordinary course of their business; and

f) to deposition witnesses or trial witnesses at the time the deposition or trial testimony is given, or in preparation for their testimony, provided, however, that, if any such witness is not otherwise entitled to access to the CONFIDENTIAL information pursuant to some other provision in this Paragraph 12, before such CONFIDENTIAL information is disclosed to that witness, that person shall sign an acknowledgment in writing in the form set forth in Exhibit A that the person has read and agrees to abide by the terms of this Order, and submits to the jurisdiction and contempt power of this Court for the purpose of enforcing this Order.

13. Counsel shall retain all executed versions of Exhibit A until the end of the litigation and, at that time, shall provide copies thereof to counsel for the opposing party, upon request. Counsel shall not disclose CONFIDENTIAL information, if such action would require the person to whom the documents are disclosed to execute Exhibit A, unless counsel believes in good faith that such disclosure is reasonably necessary to prosecute or defend this action and the person to whom the documents are disclosed is a properly qualified person under Paragraph 12.

14. Deponents may not be shown copies of Plaintiff's medical or health records, if any, without first notifying Plaintiff's counsel and securing Plaintiff's counsel's agreement to such disclosure. In the event, that counsel disagree regarding the ability to show copies of Plaintiff's medical or health records to a deponent, the parties can utilize the dispute process set forth in Section D below. This limitation shall not apply to Plaintiff, to any expert as defined in Paragraph 12(d) or any factual witnesses identified by Plaintiff as having knowledge or offering an opinion regarding Plaintiff's alleged emotional or mental damages.

### D. Information Designated Improperly

15. Any party may challenge any designation of CONFIDENTIAL by giving written notice to the other party or a third party that makes the designation (which notice shall specify with particularity the challenged document or other matter). Within ten business days of receipt of such notice, the party or third party must determine whether to withdraw the designation. If the designation is withdrawn, the party or third party shall give written notice of the change and shall substitute undesignated copies of the items. If the designation is not withdrawn, the party making the challenge may file a motion with the Court with respect thereto. The parties agree that, before seeking any relief from the Court, they will make a good faith effort to resolve any disputes concerning the appropriate treatment of such materials. Until this Court enters an Order resolving the Motion, the materials shall be treated in accordance with their initial designation.

### E. Inadvertent Disclosure

16. If a party fails to designate CONFIDENTIAL information at the time of its production, or if a party or third party produces information without such designation, any party shall have thirty days thereafter in which to correct the designation to CONFIDENTIAL. For good cause shown, a party may correct a designation or failure to designate as CONFIDENTIAL after thirty days. Such correction, and notice thereof, shall be made in writing, accompanied by substitute copies of each affected item or document, designated as described above, or any claim of confidentiality under this Order will be deemed waived.

17. If either party discloses to a receiving party information that is privileged or otherwise immune from discovery, the party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned, and no party to these consolidated actions shall thereafter assert that such disclosure

waived a privilege or immunity. It is further agreed that the receiving party will return such produced item or items of information and all copies thereof within ten business days of (a) discovery by the receiving party of documents that, based on objective criteria, reasonably appear to be privileged, or (b) receiving a written request for the return of such item or items of information, whichever occurs first. The party having returned such produced item or items of information may thereafter seek production of any such documents in accordance with the Federal Rules of Civil Procedure, provided that the party seeking discovery may not assert waiver as a basis for production.

**F. Other**

18. Nothing in this Order shall limit any party's ability to use or disclose in the ordinary course of business any documents or information which the party otherwise has the right to possess.

19. Within thirty days of the completion of the litigation, including without limitation, any appeal or retrial, each party shall return or destroy all documents designated as CONFIDENTIAL and all copies thereof and shall destroy all documents and things containing information based on CONFIDENTIAL information, except that counsel need not return CONFIDENTIAL documents, things or information that are attached to or contained within pleadings or other filings in this case. Upon written request, a party shall certify to the requesting party within ten business days that it has complied with the requirements of this paragraph.

20. After the conclusion of this action, including without limitation, any appeal or retrial, this Order shall continue to be binding upon the parties hereto, and all persons to whom designated materials have been disclosed or communicated. This Court retains jurisdiction over

the parties hereto indefinitely with respect to any dispute regarding the improper use of information produced under this Order.

21. Nothing in this Order shall be deemed to preclude a party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from this Order with respect to particular material designated hereunder.

22. The Clerk hereby is directed to accept as filed under seal all documents or information designated as CONFIDENTIAL.

**IT IS SO ORDERED**.

Signed: April 13, 2011

David C. Keesler
United States Magistrate Judge

**We ask for this:**

| | |
|---|---|
| S/ Joy M. Chappell | S/ Stephen D. Dellinger |
| **Joy M. Chappell** | Stephen D. Dellinger |
| **Julie H. Fosbinder** | LITTLER MENDELSON, P.C. |
| **Fosbinder Law Office** | NC Bar #16609 |
| **NC Bar #39574** | Bank of America Corporate Center |
| **501 E. Morehead St. Ste. 1** | 100 North Tryon Street, Ste. 4150 |
| **Charlotte, NC 28202** | Charlotte, NC 28202 |
| **T: 704-333-1428** | T: 704-972-7010 |
| **F: 704-333-1431** | F:704-333-4005 |
| joy@charlotteemploymentlaw.com | sdellinger@littler.com |
| Attorney for Plaintiff | Attorney for Defendant |

# EXHIBIT A

## NON-DISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Consent Protective Order pertaining to information to be produced in *Carlyle H. Hill v. Forward Air Solutions, Inc.* (Civil Action No.: 3:10-cv-00665-RJC-DCK) and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court.  I acknowledge that I am about to receive CONFIDENTIAL information in said consolidated actions and certify my understanding that such CONFIDENTIAL information is being provided to me pursuant to the terms and restrictions of the Consent Protective Order.  I understand that such information and any copies I make of any documentary material containing CONFIDENTIAL information or any notes or other records that may be made regarding any such information shall not be disclosed to others, except other qualified persons as defined in that Order.  I hereby consent to the jurisdiction and contempt power of said Court for purposes of enforcing this Order.

Signed: _____

Dated: _____